**1722-CC11893**

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MYRA WILLIAMS, individually, and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Division: |
| RENT-A-CENTER, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve at: | ) | |
| The Corporation Trust Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, Delaware 19801 | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION PETITION

COMES NOW Plaintiff Myra Williams, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant Rent-A-Center, Inc., states:

### Introduction

1.      Plaintiff Myra Williams ("Williams") is an individual who at all times material to this Petition resided in The City of St. Louis, Missouri.

2.      Defendant Rent-A-Center, Inc. ("Rent-A-Center") is a Delaware corporation who at all times material to this petition has been in good standing to transact business in the State of Missouri.

3.      Rent-A-Center leases various consumer products to persons in Missouri, including, but not limited to: furniture, appliances, computers, electronics and smartphones.

4.      Rent-A-Center has 30 retail locations in the State of Missouri, including two retail locations in The City of St. Louis, Missouri.

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

5.      Rent-A-Center continuously and systematically transacts business in the State of Missouri at its various retail locations.

6.      Rent-A-Center regularly uses court process in order to collect on lease agreements it asserts are in default. For example, Rent-A-Center filed over 200 lawsuits in Missouri courts in 2016 and has filed over 300 lawsuits in Missouri courts in 2017.

**The Williams Lawsuit**

7.      Rent-A-Center filed a lawsuit against Williams on March 6, 2017, in the Associate Circuit Court of The City of St. Louis, Missouri. The case is styled *Rent-A-Center, Inc. v. Myra Williams*, Case Number 1722-AC02688 ("the Williams Action").

8.      Rent-A-Center alleged in the Williams Action that Williams signed lease agreements dated January 26, 2017 and February 4, 2017 for furniture and electronics and that Williams breached the lease agreements.

9.      Rent-A-Center asserted in the Williams Action that it attached a true and accurate copy of the lease agreements.

10.     As part of the Williams Action, Rent-A-Center's counsel filed a request that the summons and petition be served on Williams by special process server Jose Piniero. On April 18, 2017, the Clerk of the Circuit Court of The City of St. Louis approved this request. A true and accurate copy of this document is attached hereto as Exhibit 1.

11.     On June 8, 2017, Rent-A-Center's counsel filed a return of service with the Court in the Williams Action indicating that Williams had been served with the summons and petition. The return of service was signed by Shane Bauer, who attested that he served the summons and petition. A true and accurate copy of the return of service is attached hereto as Exhibit 2.

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

12.    Shane Bauer was not appointed by the Court to serve a summons and petition in the Williams Action as required by §506.140, RSMo 2000 and Local Rule 14.

13.    On June 14, 2017, a default judgment was entered for Rent-A-Center against Williams in the Williams Action for $420.48 plus court costs and interest accruing at the statutory rate. A true and accurate copy of the judgment is attached hereto as Exhibit 3.

14.    The June 14, 2017, judgment is void as a matter of law because the special process server that purportedly served Williams with the summons and petition in the Williams Action was not appointed to serve process.

15.    Williams subsequently incurred expense in retaining counsel to file a motion in the Williams Action to have the default judgment set aside.

**Count I – Violations of the Missouri Merchandising Practices Act,
§407.010, RSMo *et seq.***

16.    Williams incorporates the allegations of the previous paragraphs as if fully stated in this Count.

17.    In January and February 2017 Williams leased furniture and electronics from Rent-A-Center at its retail location at 3405 Gravois Avenue in The City of St. Louis, Missouri.

18.    The furniture and electronics leased by Williams are "merchandise" as defined by §407.010, RSMo because the items are objects, wares or goods.

19.    The furniture and electronics Williams leased from Rent-A-Center were primarily for personal, family or household purposes.

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

20.     Williams seeks to represent the following class pursuant to Missouri Supreme Court Rule 52.08(b)(2) and 52.08(b)(3):

> All persons from December 6, 2012 until the date of class certification that were served with process by a person not appointed by the court as a special process server in a lawsuit brought by Rent-A-Center, Inc., Inc. and subsequently had a default judgment entered against them.

> Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the court to serve process, appeared personally in court, or had counsel appear on their behalf.

21.     Like the Action filed against Williams, Rent-A-Center filed lawsuits against the putative class members for their alleged breach of their lease agreements with Rent-A-Center.

22.     In taking default judgments against Williams and the putative class members without having first obtained personal jurisdiction, Rent-A-Center engaged in conduct that constitutes a deceptive and/or unfair practice in violation of §407.020, RSMo.

23.     By obtaining default judgments against Williams and the putative class members without having obtained personal jurisdiction, Rent-A-Center undertook conduct in connection with the lease agreements it entered into with Williams and the putative class members.

24.     Williams and the putative class members were damaged as a proximate result of Rent-A-Center's conduct of obtaining default judgments without having obtained personal jurisdiction.

25.     Rent-A-Center has acted on grounds generally applicable to the class by taking default judgments based on returns of service signed by special process servers who were not appointed by the Court to serve process, thereby making appropriate final injunctive relief or corresponding declaratory relief appropriate for Williams and the putative class members.

26.     Upon information and belief, there are over two hundred putative class members and joinder of all of the putative class members is impracticable.

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

27.    Williams's claims are typical of the putative class members' claims.

28.    Common questions of law and fact apply to Williams and the putative class members. These questions include, but are not limited to:

(a)    Whether Rent-A-Center's conduct as described in this Petition is governed by §407.010, RSMo *et seq.*;

(b)    Whether Williams and the putative class members were served process by persons not appointed by the Court to serve process in accordance with Missouri statute and/or local rules;

(c)    Whether Rent-A-Center obtained default judgments in Missouri courts where no personal jurisdiction existed;

(d)    Whether Williams and the putative class members were damaged as a result of having default judgments obtained against them without Rent-A-Center first establishing personal jurisdiction over such persons; and,

29.    Williams will fairly and adequately represent the putative class members.

30.    Williams has retained counsel experienced in the prosecution of class action cases, and Williams is committed to vigorously prosecuting the claims.

31.    The questions of law and fact common to Williams and the putative class members predominate over any questions of fact affecting any individual member of the putative class.

32.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

33.    Williams and the putative class members are entitled to recover any amounts collected by Rent-A-Center following the dates the void judgments were entered against them.

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

34.    Williams and the putative class members seek an order from the Court that the judgments entered against them are void as a matter of law and order Rent-A-Center to set said judgments aside.

35.    Williams and the putative class members are entitled to and seek recovery of attorneys' fees and costs incurred in litigating this action pursuant to §407.020, RSMo.

WHEREFORE Plaintiff Myra Williams, individually, and on behalf of all others similarly situated, request that the Court enter an award of damages against Rent-A-Center, Inc. in excess of $25,000.00 and grant the following relief:

a)    enter an order pursuant to Missouri Supreme Court Rules 52.08(b)(2) and (b)(3) certifying this class as a class action, and appointing Myra Williams as class representative;

b)    enter an order appointing Butsch Roberts & Associates LLC as class counsel;

c)    enter an order declaring that the judgments entered against the putative class members are void and directing Rent-A-Center to set said judgments aside;

d)    enter judgment in favor of Plaintiff and the putative class members all damages proximately caused by Rent-A-Center's deceptive and/or unfair practices, and all applicable pre-judgment and post-judgment interest on said amounts;

e)    enter judgment in favor of Plaintiff and the putative class members for all attorney's fees incurred in litigating this action;

f)    enter judgment in favor of Plaintiff and the putative class members for all recoverable court costs;

g)    award Plaintiff and the putative class members all expenses incurred in the litigations and require Rent-A-Center to pay the costs and expenses of class notice and administration; and,

Electronically Filed - City of St. Louis - December 06, 2017 - 04:15 PM

h)    award Plaintiff and the putative class members any further relief to which they may

be entitled.

BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ Christopher E. Roberts
     David T. Butsch #37539
     Christopher E. Roberts #61895
     231 South Bemiston Ave., Suite 260
     Clayton, MO 63105
     (314) 863-5700 (telephone)
     (314) 863-5711 (fax)
     butsch@butschroberts.com
     roberts@butschroberts.com

     Attorneys for Plaintiff Myra Williams