UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MYRA WILLIAMS and SADE BEATON, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-CV-00026 JAR |
| RENT-A-CENTER, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. No. 7); Defendant's Motion to Compel Individual Arbitration and Stay Litigation (Doc. No. 15); Plaintiffs' Motion to Stay Briefing on Defendant's Motion to Compel Arbitration (Doc. No. 21); and Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Compel Arbitration (Doc. No. 23). The motions have not been fully briefed and are still pending.

Defendant Rent-A-Center, Inc. ("RAC") is in the furniture and appliance leasing business. Plaintiffs are current or former customers of RAC. Plaintiffs brought this putative class action in state court, alleging RAC violated the Missouri Merchandising Practices Act by improperly taking default judgments against customers without having first obtained personal jurisdiction. (Doc. No. 4.) RAC removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d), and on the basis of complete diversity. (Doc. No. 1.)

Plaintiffs have moved to remand the case under the Rooker-Feldman doctrine[1], which prohibits federal review of state court judgments. RAC has moved to: (i) compel arbitration of each Plaintiff's claims, on an individual (not class) basis; and (ii) stay the litigation, pending such individual arbitrations. In the alternative, RAC asks the Court to dismiss this case without prejudice, pending the individual arbitrations. Plaintiffs seek to stay briefing on RAC's motion to compel pending the Court's ruling on their motion to remand.[2] Plaintiffs also seek an extension of time to respond to RAC's motion to compel, if necessary.

While the Court must confirm its own jurisdiction before ruling on RAC's motion to compel, the Court finds that a stay is not warranted. Regardless of whether this case is in state or federal court, Plaintiffs will be required to prepare and file an opposition to RAC's motion to compel. Therefore, Plaintiffs have not shown prejudice if a stay is not granted. The Plaintiffs have also not shown that a stay would promote judicial economy or efficiency.

For these reasons, the Court will deny Plaintiffs' motion to stay briefing on RAC's motion to compel arbitration. The Court will, however, grant Plaintiffs an extension of time to respond to RAC's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay Briefing on Defendant's Motion to Compel Arbitration [21] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Compel Arbitration [23] is **GRANTED** in part. Plaintiffs shall file

---

[1] The doctrine derives from the cases of Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923) (state court judgment is effective and conclusive adjudication) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (lower federal court has no authority to review final judgment of state court).

[2] Plaintiffs' opposition to the motion to compel is currently due on or before February 2, 2018.

their response to Defendant's Motion to Compel Arbitration within twenty (20) days from the date of this Order.

Dated this 31st day of January, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**