UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SADE BEATON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:18-CV-00026 JAR |
| RENT-A-CENTER, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion To Remand (Doc. No. 7) and Defendant Rent-A-Center, Inc.'s Motion to Compel Individual Arbitration and Stay Litigation (Doc. No. 15). The motions are fully briefed and ready for disposition.[1]

**Background**

On December 6, 2017, Plaintiff Myra Williams ("Williams") filed a Class Action Petition styled *Myra Williams v. Rent-A-Center, Inc.,* Case No. 1722-CC11893, in the Circuit Court of the City of St. Louis, against Defendant Rent-A-Center ("RAC"). The petition was later amended to add Sade Beaton ("Beaton") as a named Plaintiff in the case.[2] (First Amended Class Action Petition ("AC"), Doc. No. 4) RAC is in the business of leasing household goods such as furniture and appliances; Plaintiff and the putative class members are current or former customers of RAC. According to Plaintiffs, RAC regularly uses court process to collect on lease agreements it

---

[1] RAC has requested leave to file a surreply in further opposition to Plaintiff's motion to remand (Doc. No. 31), which Plaintiff opposes (Doc. No. 32). Upon consideration of the parties' arguments, the Court will deny RAC's request because the Court finds a surreply is not necessary for resolution of the pending motion.

[2] Williams voluntarily dismissed her claims against RAC on February 9, 2018. (Doc. Nos. 28, 30)

1

asserts are in default. (AC ¶ 7) In Count I of the amended petition, Plaintiffs allege that RAC violated the Missouri Merchandising Practices Act ("MMPA") by taking default judgments against them in state court without having obtained personal jurisdiction. Specifically, Plaintiffs allege the default judgments were based on returns of service signed by special process servers who were not appointed by the Court to serve process in accordance with Missouri law. (AC ¶¶ 8-15, 21-23) In Count II of the amended petition, Plaintiffs allege that RAC was unjustly enriched at the expense of Plaintiffs and the putative class members by the default judgments and monies collected after those judgments were entered. (AC ¶¶ 56-60) Plaintiffs seek damages and an order declaring RAC's prior judgments against them void as a matter of law and directing RAC to set the judgments aside.

RAC removed the case to this Court on January 5, 2018 based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1) Plaintiffs seek remand on the grounds that the Court lacks jurisdiction over their claims pursuant to the Rooker-Feldman doctrine. RAC opposes remand and moves to compel individual arbitration and stay litigation or, in the alternative, to dismiss the case without prejudice, pending the individual arbitrations.

**Discussion**

Rooker–Feldman is a jurisdictional doctrine that applies only to cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Heroux v. Callidus Portfolio Mgmt. Inc. & Messerli & Kramer, P.A., No. CV 17-5132(DSD/HB), 2018 WL 2018069, at *2 (D. Minn. May 1, 2018) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); see also Skit Int'l, Ltd. v. DAC Techs.

2

Of Ark., Inc., 487 F.3d 1154, 1157 (8th Cir. 2007). Under the doctrine, federal district courts are without jurisdiction to review state-court judgments or to address federal claims with allegations that are inextricably intertwined with a state-court decision. Id. (citing Prince v. Ark. Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004)). A claim is inextricably intertwined if "the relief requested . . . would effectively reverse the state court decision or void its ruling." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1035 (8th Cir. 1999) (citation omitted). The fact that a judgment was entered on a party's default does not alter the doctrine's applicability. Id.

Although Rooker–Feldman originally limited federal-question jurisdiction, the Supreme Court has recognized the applicability of the doctrine to cases brought under diversity jurisdiction. See Exxon, 544 U.S. at 291–92. Diversity proceedings removed to federal court under CAFA are also within the doctrine's purview. Pounds v. Portfolio Recovery Assocs., LLC, No. 1:16CV1395, 2018 WL 1583670, at *2–3 (M.D.N.C. Mar. 28, 2018) (citing Dell Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 872 (4th Cir.), cert. denied, –U.S.–, 137 S. Ct. 567, 196 L. Ed. 2d 444 (2016); Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 818 (7th Cir. 2010); Murray v. Midland Funding, LLC, Civil No. JKB-15-0532, 2015 WL 3874635, at *1, *3–4 (D. Md. June 23, 2015)).

The presence or absence of subject matter jurisdiction under Rooker–Feldman is a threshold issue the Court must determine before considering the merits of the case. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002) ("Because the Rooker–Feldman doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis."); see also Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 75 (D.C. 1997) ("Because it is jurisdictional, we *first* consider the Rooker–Feldman doctrine . . ."

3

(emphasis added)); Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (explaining that "to the extent that any portion of [the] complaint survived the jurisdictional bar of the Rooker–Feldman doctrine, the district court correctly ruled that *Younger* abstention was warranted").

RAC urges the Court to bypass Rooker-Feldman jurisdictional issues and grant its pending motion to stay and compel arbitration because arbitration is a procedural rather than a merits-based issue, citing Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422 (2007) and its progeny. (Doc. No. 24 at 7-9) In Sinochem, the Supreme Court held that a district court acted within its discretion to first decide a *forum non conveniens* motion before determining whether it had personal jurisdiction over the defendant, because "[r]esolving a *forum non conveniens* motion does not entail any assumption by the court of substantive 'law-declaring power.'" Id. at 433. Sinochem did not, however, specifically address the applicability of Rooker-Feldman and is thus distinguishable from the instant case.

Further, when the question of jurisdiction "will involve no arduous inquiry," the Court should address jurisdiction first. Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88 (1999)). Because Plaintiff's amended petition is "a classic illustration of the cases covered by the Rooker-Feldman doctrine," Skit, 487 F.3d at 1157, jurisdiction will not involve an "arduous inquiry." The Court will, therefore, determine the threshold question of jurisdiction by addressing Plaintiff's motion to remand.

**Motion to remand**

Federal courts are courts of limited jurisdiction. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). A federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there. Krispin v. May Dep't Stores Co., 218 F.3d

4

919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). Generally, a court must resolve all doubts about federal jurisdiction in favor of remanding the case to state court. In re Prempro, 591 F.3d at 620.

In support of their motion to remand this case to state court, Plaintiffs argue the Court lacks subject matter jurisdiction under the Rooker-Feldman[3] doctrine because they are challenging the validity of default judgments entered against them by a Missouri state court. (Doc. No. 8 at 3-5) RAC responds that Rooker-Feldman does not apply to cases that raise independent claims of misconduct, separate and apart from any state court judgment, citing Riehm v. Engelking, 538 F.3d 952, 965 (8th Cir. 2008) and MSK EyEs Ltd. v. Wells Fargo Bank, Nat'l. Ass'n, 546 F.3d 533, 539 (8th Cir. 2008). (Doc. No. 24 at 10-12) RAC argues that Plaintiffs' claims are premised on RAC's alleged misconduct in requesting and receiving approval for one special process server while using another, which is separate and apart from a challenge to the eventual alleged error in any state court judgment. (Id. at 11)

The Eighth Circuit and courts in this district have distinguished between claims attacking a state court decision and claims attacking an adverse party's actions in obtaining and enforcing that decision, holding that Rooker-Feldman bars only the former. For example, in Skit, 487 F.3d 1154, plaintiff sought to have a state court judgment against it set aside for lack of service and lack of personal jurisdiction. Because "the alleged injury for which Skit seeks redress . . . stems directly from the state court judgment itself rather than from some separate injury caused by the defendant, the court found Skit's complaint to be "a classic illustration of the cases covered by

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

the Rooker-Feldman doctrine," and affirmed the district court's dismissal of the action for lack of jurisdiction under Rooker-Feldman. Id. at 1157. By way of comparison, in MSK, 546 F.3d at 539, the court concluded that Rooker-Feldman did not bar plaintiff's claims against Wells Fargo arising from an alleged breach of a mutual release agreement settling state litigation. To the extent the claims were premised on Wells Fargo's activities in filing the state action and enforcing the resulting judgment, plaintiff did not seek "review and rejection" of the judgment. Likewise, in Mueller v. Barton, No. 4:13-CV-2523 CAS, 2014 WL 4546061 (E.D. Mo. Sept. 12, 2014), the court denied Barton's motion to dismiss for lack of subject matter jurisdiction, holding that Rooker-Feldman did not bar plaintiff's claims premised on Barton's alleged improper activities in filing the state court suit and in collecting under the consent judgment. Although she complained of injuries caused by the state court suit and judgment, she did not seek "review and rejection" of that judgment. Id. at *3. See also Fed. Nat'l Mortgage Ass'n v. Underwood, No. 4:17-CV-2370, 2017 WL 5197141, at *2 (E.D. Mo. Nov. 8, 2017) (doctrine applied where plaintiff requested court set aside unlawful detainer judgment and restore his possession of his property); Campbell v. Sansone Law, LLC, No. 4:16-CV-00175, 2016 WL 4089349, at *2-3 (E.D. Mo. Aug. 2, 2016) (doctrine applied where court would have to invalidate a portion of the state court judgment for plaintiff to prevail); Torrey v. JP Morgan Chase Bank, N.A., No. 4:14-CV-1676, 2015 WL 1955023, at *3-4 (E.D. Mo. Apr. 29, 2015) (doctrine applied where plaintiff's complaint asked the court to review state court's decision); Garner v. Barton, No. 4:14-CV-200, 2015 WL 1120085, at *4 (E.D. Mo. Mar. 12, 2015) (doctrine applied where plaintiff challenged the amounts awarded in a state court judgment); Ventimiglia v. St. Louis C.O.G., Inc., 2009 WL 35186, at *4 (E.D. Mo. Jan. 5, 2009) (doctrine applied where defendant's actions in state court case formed the basis for plaintiff's case).

6

Here, Plaintiff was the losing party in state court proceedings that resulted in final judgment in favor of RAC. This judgment was entered before the current federal proceeding was commenced by way of removal. Plaintiff challenges the validity of the state court judgments based on defective service and requests this Court declare the judgments void and direct that they be set aside. Granting Plaintiff the relief she seeks would require this Court to effectively reverse the state court decision or void its ruling, exactly what the Rooker–Feldman doctrine prohibits. The Court therefore determines that the Rooker–Feldman doctrine divests this Court of subject matter jurisdiction over this action, and that this provides a basis for remand, as well.

**Conclusion**

Plaintiff asks that the Court review and reject a state court judgment. Such a request is clearly outside the jurisdiction of this Court and must be remanded. Because the Court lacks subject matter jurisdiction over this action, RAC's pending motion to stay and compel arbitration will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion To Remand [7] is **GRANTED** and this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Defendant Rent-A-Center, Inc.'s Motion for Leave to File Short Surreply in Further Opposition to Plaintiff's Motion to Remand [31] is **DENIED.**

**IT IS FINALLY ORDERED** that Defendant Rent-A-Center, Inc.'s Motion to Compel Individual Arbitration and Stay Litigation [15] is **DENIED** without prejudice to refiling in state court.

Dated this 15th day of May, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

8