# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SADE BEATON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00026 JAR |
| RENT-A-CENTER, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Expedited Motion for Stay of Remand Order Pending Petition to Appeal Under CAFA. (Doc. No. 38) The motion is fully briefed and ready for disposition.

On May 15, 2018, this Court issued an order remanding this case to the Circuit Court of the City of St. Louis and denying RAC's motion to compel arbitration without prejudice. (Doc. No. 37) RAC has petitioned the Eighth Circuit for leave to appeal pursuant to 28 U.S.C. § 1453(c). RAC asks this Court to stay its remand order while it pursues its appeal with the Eighth Circuit, citing, *inter alia*, Pudlowski v. The St. Louis Rams, LLC, No. 4:16-CV-189 RLW, 2016 WL 3455375, at *1 (E.D. Mo. June 20, 2016); Dalton v. Walgreen Co., No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013); and Raskas v. Johnson & Johnson, No. 4:12CV2174 JCH, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013). (Doc. No. 38 at 2-3)

"When deciding a motion to stay pending appellate review, courts consider four factors in determining whether a stay is warranted: (1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably

1

harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" Pudlowski, 2016 WL 3455375, at *1 (quoting Raskas, 2013 WL 1818133, at *2). "This court must 'consider the relative strength of the four factors, balancing them all.'" Id.

RAC maintains that a balancing of the equities favors a stay. RAC argues it is likely to prevail on the merits of the appeal. (Doc. No. 38 at 4-7) With respect to the second and third factors relating to harm, RAC claims that, absent a stay, it will suffer irreparable harm by having to litigate this case in both state court and the Eighth Circuit. (Id. at 7) RAC further argues it should not have to reassert its arbitration motion in state court, when there is a substantial basis to believe the remand order was erroneous. (Id. at 7-8) RAC asserts that a stay will conserve both the Court's and the parties' resources, and neither Plaintiffs nor the public will suffer any harm from briefly staying this case while it proceeds through an expedited review by the Eighth Circuit. Finally, RAC argues the public interest favors a stay to conserve judicial resources. (Id. at 8-9)

Plaintiff opposes a stay, arguing that RAC has failed to show that a stay is warranted. Citing Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1158 (8th Cir. 2007), Plaintiff first emphasizes that RAC will not be able to succeed on the merits because she is challenging the validity of state court judgments based on defective service and lack of personal jurisdiction – "a classic illustration of the cases covered by the Rooker-Feldman doctrine." (Doc. No. 45 at 2-4) Next, Plaintiff argues that members of the putative class will suffer harm in that a significant number of those individuals, including Plaintiff, are currently having their wages garnished. A stay would only postpone a final resolution of this matter. (Id. at

4-5) Lastly, Plaintiff argues the public is best served by court actions that proceed without undue delay.

After examining the relevant factors and balancing the equities, the Court finds and concludes that a stay is warranted in this case because it would prevent the parties from having to expend resources to litigate the cases simultaneously in state court and on appeal, and would avoid potentially inconsistent rulings resulting from such simultaneous litigation, thereby conserving judicial resources and promoting judicial economy. Pudlowski, 2016 WL 3455375, at *1; Raskas, 2013 WL 1818133, at *2. The Court also notes that a definitive ruling should be forthcoming based upon the appellate review process set forth in § 1453(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Expedited Motion for Stay of Remand Order Pending Petition to Appeal Under CAFA [38] is **GRANTED.**

**IT IS FURTHER ORDERED** that the proceedings in this case are **STAYED**, pending final resolution of Defendant's application for appeal of the remand order to the Eighth Circuit Court of Appeals.

Dated this 4th day of June, 2018.

 

 

 

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**